[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS
On June 1, 1993, Detective Louis Matteo of the West Haven Police Department swore to and signed an affidavit in support of a warrant application for the arrest of the defendant. The warrant charged the defendant with the crimes of possession of cocaine, in violation of § 21a-279a; possession of cocaine with intent to sell, in violation of § 21a-277(b); possession of marijuana, in violation of § 21a-279(c); possession of drug paraphernalia, in violation of § 21a-267; and operating a drug factory, in violation of § 21a-277(c). The arrest warrant was presented to Flynn, J. who found probable cause for the aforesaid statutory violations. The defendant now moves to dismiss the information on the grounds that the affidavit supporting the warrant did not establish probable cause that the defendant had committed the offenses charged. The court agrees that the affidavit, when reviewed in the light of subsequent disclosures, does not support a finding of probable cause for the crimes of possession of cocaine and possession of cocaine with intent to sell.
The affidavit states that on May 21, 1993 at approximately 10:30 p. m., Matteo and seven other West Haven Police officers executed a search and seizure warrant for the person of the defendant Bright and his residence located at 71 Wenham Street, CT Page 8144 West Haven. As the search team approached, defendant Bright was standing in the street directly in front of his residence. Matteo states that he next observed Bright "discard a small item by throwing same in the direction of the house across the street." Bright was then observed to flee on foot. After securing Bright's residence, a search of the basement revealed two triple beam O'Haus scales, sifters, packaging materials, a small amount of marijuana, seeds, a glass container utilized in the cooking of cocaine, well as a beeper-pager.
A search of the ground immediately across from Bright's house by Officer Tamaro discovered a "Chapstick container" which contained no Chapstick. Instead, the container was filled with 11 pieces of solid cocaine. The arrest warrant affidavit references the Chapstick contents as follows:
 "Officer Tamaro did locate a Chapstick container of which no Chapstick was contained but found within same were (11) pieces of what the undersigned recognized based on my police training and experience to be solid base/crack form of cocaine. . . . This finding further substantiated information that the undersigned was supplied with prior to executing the Search and Seizure Warrant. The information was supplied by one Kevin Boone. Kevin Boone is a West Haven Police Department Auxiliary Officer who did relate personal knowledge of the target Robert Grant Bright, that the Chapstick with the cocaine in same is a method of concealment routinely used by Robert Grant Bright."
On May 6, 1994, defendant filed a Supplemental Motion to Dismiss and Claim for Hearing under Franks v. Delaware. The Franks case, 438 U.S. 154, 98 S.Ct. 2674,57 L.Ed.2d 667 (1978), held that the truth of an affidavit supporting a search warrant may be challenged at an evidentiary hearing when a proper preliminary showing has been made of deliberate falsity or reckless disregard of the truth on the part of the affiant.State v. Morrill, 197 Conn. 507, 543 (1985). The preliminary showing by the defendant consisted of a statement by Kevin C. Booth, the auxiliary officer who, according to Detective Matteo, had supplied the information connecting the Chapstick container to the defendant. In this statement Officer Booth denied ever providing Detective Matteo with information concerning the method of concealment of cocaine employed by the defendant. On the basis of this statement in direct CT Page 8145 contradiction to the warrant affidavit, this court granted defendant's Motion for a Franks Hearing.
At said hearing, both Detective Matteo and Officer Boone testified under oath. Matteo testified that Boone had told him that the defendant employed a Chapstick container in which to secret cocaine. Boone testified that he had never supplied such information to Matteo or anyone else and had no prior knowledge with respect to any drug dealings involving the defendant. The court finds that Officer Boone's testimony is the more credible. Absent the statement attributed to Boone by Matteo, the warrant would not support a finding of probable cause with respect to the two cocaine charges.
Nevertheless, the court is not free to dismiss the charges in question. Even if the arrest warrant affidavit lacked probable cause with respect to one or more charges, dismissal of the information is unwarranted. State v. Fleming,198 Conn. 255, 263, 502 A.2d 886, cert. denied, 475 U.S. 1143,106 S.Ct. 1297 (1986). "An illegal arrest may impair the fairness of a subsequent prosecution only where evidence obtained as a direct consequence of that arrest is admitted against the defendant at trial." State v. Fleming, supra, 262; State v.Federici, 179 Conn. 46 (1979).
Therefore, defendant's Motion to Dismiss is denied.
Skolnick, J.